# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                     **Case No.  8:04-cr-164-T-30EAJ**

**SANTOS ORDUNIZ,**

      **Defendant.**

_____/

## ORDER

THIS CAUSE is before the Court upon Defendant's Motion for Reduction of Sentence pursuant to Rule 35 (Dkt. #84).  Only the government may seek a reduction of sentence pursuant to Rule 35.  Therefore, the Motion must be denied.

In filing his Motion, Defendant seems to be under the impression that if he is granted a minor role status, he is relieved of the mandatory minimum sentence of ten (10) years. Specifically, Defendant states:

> 4.     Defendant/Petitioner respectfully asks this Court to reconsider the sentence imposed, and to reduce the sentence to levels (a) 23 producing a sentence of 57-71 months or, (b) level 25 producing a guideline sentence of 70-87 months.  Petitioner now raises the argument that the extent of his knowledge & participation was limited to the purchase of two (2) kilograms of cocaine.  Petitioner notes that his base offense level of 30 under U.S.S.G. § 2D1.1(a)(3) (2003), which he received by operation of the guidelines based on his minor-role status, has a corresponding drug quantity level below the drug quantity necessary to trigger the mandatory minimum sentence of ten years. Specifically, level 30 corresponds to "at least 3.5 kg but less than 5 kg," which is less than the amount (5 kilograms) necessary to trigger the mandatory

minimum of ten years.  U.S.G. (sic) § 2D1.1(c)(5).  Therefore the mandatory minimum should not apply and his sentence reduced to term of 70-87 months.  The defendant notes that the District Court erred when it found that the mandatory minimum sentence of ten years applied thus affecting his substantial right in that it was prejudicial and seriously affects the fairness, integrity, or public reputation of the judicial proceedings.

Defendant's base offense level under the Guidelines based on drug quantity was 32, but it was reduced to 30 because he was granted a mitigating role under U.S.S.G. § 3B1.2.  He was then further reduced three (3) points for acceptance of responsibility.  This brought Defendant's guideline range below 120 months, but he was still subject to the minimum mandatory sentence of ten years (120 months).  A minor role reduction does not relieve a defendant of the mandatory minimum sentence.  Had Defendant been granted the safety valve reduction under U.S.S.G. § 5C1.2, he would have been relieved of the mandatory minimum sentence.  Since he was not relieved of the mandatory minimum sentence, his sentence of 120 months was the minimum sentence that this Court could lawfully give.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion for Reduction of Sentence pursuant to Rule 35 (Dkt. #84) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on October 3, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2004\04-cr-164.reduce sentence.wpd